**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY S. LOIGMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | Civil Action No. 23-2482 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Ally Financial Inc.'s ("Defendant") Motion to Dismiss (ECF Nos. 7, 8) Plaintiff Larry S. Loigman, Esq.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). The Court has jurisdiction under 28 U.S.C. § 1331.[2] The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b). For the reasons set forth below, Defendant's Motion is **GRANTED**.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] Plaintiff's claims arise under federal law, *see, e.g.*, 15 U.S.C. § 1601, *et seq.*, and supplemental jurisdiction exists over Plaintiff's state law claims under 28 U.S.C. § 1367. (*See* Def.'s Notice of Removal, ECF No. 1.)

I.     **BACKGROUND**

A.     **Statement of Facts**

On March 7, 2023, Plaintiff purchased a 2023 Chevrolet Bolt EUV Automobile ("Vehicle") from Pine Belt Enterprises, Inc. ("Pine Belt").[3] (Compl. at 1, ECF No. 1-1.) Plaintiff asserts that he asked Pine Belt to ascertain the best financing options for his Vehicle, and that Pine Belt assured him that Defendant offered the best financing option at an annual rate of 8.59%. (*Id.* at 1–2.) Plaintiff alleges that the Pine Belt retailer insisted he complete the transaction as soon as possible, and therefore Plaintiff did not have the opportunity to conduct his own research for other financing options before entering into a Retail Installment Sale Contract ("RISC") with Pine Belt. (*Id.* at 2.) Per the terms of the RISC, Pine Belt assigned "its interest in [the] contract to Defendant." (*Id.*)

Shortly after entering into the RISC with Pine Belt, however, Plaintiff claims that he learned that the rate offered by Defendant was "not at a commercially reasonable rate, or [] the best rate." (*Id.* at 2.) On or about March 23, 2023, Defendant sent Plaintiff promotional materials which stated, "we want to make your experience with us simple and hassle-free." (*Id.*) In response, Plaintiff called the offices of Defendant to inquire about modifying the terms of his financing agreement. (*Id.*) Plaintiff allegedly spoke with a supervisor named "Carl" who refused to provide his surname despite several requests. (*Id.*) Plaintiff further alleges that Carl insisted that Defendant could not modify the terms of the financing agreement, and that Carl did not know of the exact location of Defendant's corporate offices, other than that they were "in Michigan." (*Id.*) Although

---

[3] Despite Pine Belt's alleged role as an "agent, broker, or authorized representative" in the transaction, Plaintiff has not named Pine Belt as a Defendant in his Complaint. (*See* Compl. at 1.)

Plaintiff expressed a desire to speak to a person of authority at Defendant's offices, he alleges that "Defendant [did] not otherwise respond to [his] message or concerns." (*Id.*)

Plaintiff asserts that he "has suffered, and continues to suffer, actual losses as a result of Defendant's wrongful conduct." (*Id.* at 2.) Plaintiff states that the conduct was "designed to cheat, deceive, defraud and mislead Plaintiff and other retail consumers." (*Id.* at 3.) Finally, Plaintiff alleges that Defendant has an "undisclosed, secret or concealed ongoing business relationship with [Pine Belt], whereby Defendant provides rewards, incentives, or other payments to [Pine Belt]" in exchange for steering business to Defendant and "misrepresenting information to consumers . . . about more favorable loan terms offered by its competitors." (*Id.*)

## B.    Procedural History

On April 3, 2023, Plaintiff filed his Complaint in the Superior Court of New Jersey, Ocean County, Law Division, Special Civil Part.[4] (*See* Compl. at 1.) First, Plaintiff asserts that Defendant engaged in "conduct designed to cheat, deceive, defraud and mislead Plaintiff, and other consumers," in violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2 *et seq.* (*Id.* at 3.) Second, Plaintiff alleges that Defendant "failed to provide the clear and conspicuous disclosures required to consumers in a credit transaction, as mandated by both federal and New Jersey law, such as the Truth in Lending Act ("TILA"), Fair Credit Reporting Act ("FCRA"), and the Plain Language Review Act." (*Id.*)

On May 5, 2023, Defendant timely removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. (*See* Def.'s Notice of Removal, ECF No. 1.) On July 10, 2023, Defendant filed the subject Motion to Dismiss Plaintiff's Complaint. (Def.'s Moving Br., ECF No. 8.) In moving to dismiss the Complaint, Defendant raises four primary arguments: (1) Plaintiff's claims under

---

[4] Case No. DC-2586-23.

the Consumer Fraud Act "fail[] as a matter of law because Plaintiff does not plead with particularity the circumstances constituting the alleged fraud" and does not connect Defendant's actions in entering "the installment contract at the alleged unreasonable interest rate or to any identifiable loss"; (2) Plaintiff's FCRA claim fails because "Plaintiff does not specify which section of the FCRA [Defendant] allegedly violated; (3) Plaintiff's claim under the TILA likewise fail as it has not been properly plead in the Complaint and does not establish essential elements of the claim; and (4) the Plain Review Act claims are without merit because Plaintiff has not plead which terms of the installment contract "that were not written in a simple, clear, and understandable manner." (*Id.* at 2-3.)

## II.    LEGAL STANDARD

A district court conducts a three-part analysis to determine whether a motion to dismiss should be granted under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must be able to identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court will discard bare legal conclusions or factually unsupported accusations. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court determines whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal*, 556 U.S. at 679). If the claim is facially plausible and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be denied. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). If, however, the claim does not "allow[] the court to draw a

4

reasonable inference that the defendant is liable for the misconduct alleged," a motion to dismiss will be granted. *Id.* On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

#### A. Violation of the NJCFA

As stated, Plaintiff brings claims against Defendant for consumer fraud in violation of the NJCFA, N.J. Stat. Ann. § 56:8-2 *et seq.* The NJCFA prohibits:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been mislead, deceived or damaged thereby.

N.J. Stat. Ann. § 56:8-2.

To state a claim under the NJCFA, a plaintiff must plead "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 97 (2011) (quoting *Int'l Union of Operating Eng'rs Loc. No. 68 Welfare Fund ("IUOEL 68") v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007)). While the Supreme Court of New Jersey has held that "the Act should be construed liberally in favor of consumers[,]"*Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 461 (N.J. 1994), the Court must bear in mind that a "breach of contract . . . is not per se unfair or unconscionable"

5

and "alone does not violate a consumer protection statute." *Id.* at 462 (citing *D'Ercole Sales v. Fruehauf Corp.*, 501 A.2d 990, 998 (N.J. Sup. Ct. App. Div. 1985)).

Claims brought under the NJCFA are also "subject to the particularity requirements of [Rule] 9(b)." *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008). To satisfy the particularity requirement of Rule 9(b), NJCFA claims also cannot "contai[n] collectivized allegations against 'defendants'" because "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999). "A plaintiff must plead fraud with particularly with respect to each defendant [to] infor[m] each defendant of the nature of its alleged participation in the fraud." *Id.* Particularity has been further described by the Third Circuit as stating the "date, place or time of the fraud" or providing some "alternative means of injecting precision and some measure of substantiation into [the] allegation[n] of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotations and punctuation omitted). "Plaintiffs must also allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id.*

Here, Plaintiff alleges that Defendant engaged "in a course of conduct designed to cheat, deceive, defraud, and mislead Plaintiff, and other retail consumers." (Compl. at 3.) It is further alleged that: (1) Defendant has an undisclosed and concealed business relationship with Pine Belt whereby Defendant provides rewards, incentives, and other payments to Pine Belt in exchange for "steering business to [Defendant]"; and (2) Defendant engages in business practices to encourage,

direct, or otherwise instruct retailers, such as Pine Belt, to misrepresent information to consumers and "withhold information about more favorable loan terms offered by [their] competitors." (*Id.*)

To begin, the Court finds that the allegations raised in the Complaint fail to contain the requisite particularity required by Rule 9(b). Plaintiff alleges, without any factual support, that Defendant and Pine Belt were involved in a "secret or concealed ongoing business relationship" to incentivize Pine Belt to misrepresent that Defendant offered the most favorable financing terms for the Vehicle.[5] (Compl. at 3.) Plaintiff asserts that "[without] discovery, [he] has only limited, although persuasive, facts to support his claims; nonetheless, with an opportunity for discovery, the veracity of those claims will be established." (Pl.'s Opp'n Br. at 4, ECF No. 9.) Plaintiff's request for discovery, however, must be juxtaposed against the heightened pleading standards prescribed by Rule 9(b), requiring a plaintiff to plead "fraud with particularly" so that a defendant is adequately informed "of the nature of its alleged participation in the fraud." *Naporano*, 79 F. Supp. 2d. at 511. The Complaint, as it stands, does not satisfy the "date, place or time" requirement of a Rule 9(b) pleading, nor does it "injec[t] precision and some measure of substantiation into [the] allegatio[n] of fraud." *Lum*, 361 F.3d at 224.

The Court also does not agree with Plaintiff's characterization that his Complaint presents "persuasive facts" to support an NJCFA claim. Conversely, his generalized pleading that Defendant and Pine Belt engaged in a concealed agency relationship resembles the kind of conclusory allegations that this Court has previously rejected.[6] *Huelas*, 2012 WL 3240166, at *4-5

---

[5] Making matters more difficult here, Plaintiff does not file separate Counts for his NJCFA, TILA, FCRA, and Plain Review Act claims. Rather, he groups all of his claims under the heading "Second Count." (Compl. at 3-4.)

[6] Indeed, Plaintiff must plausibly allege the existence of an agency relationship between Defendant and Pine Belt to causally relate the ascertainable loss to the conduct of Defendant. *Huelas v. Wells Fargo Home Mortg., Inc.*, No. 11-7250, 2012 WL 3240166, at *16 (D.N.J. Aug. 6, 2012).

(holding that, without "facts to support the assertion that [d]efendant" engaged in an agency relationship with a third party, "the Court cannot conclude that such an agency relationship existed."); *see also Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) (holding that a complaint fails to "sufficiently plead an agency relationship" exists when it does not "allege that the purported principal exerted any control over the purported agent." (citing *Marrone v. Green*, No. 09-213, 2009 WL 605899, at *3 (E.D. Pa. Mar. 10, 2009))).

Accordingly, the NJCFA claim is dismissed as it fails to state a claim upon which relief may be granted under Rule 12(b)(6) and likewise fails to satisfy the heightened pleading standards for a claim of fraud as specified in Rule 9(b).[7]

### B.    Failure to Provide Clear and Conspicuous Disclosures

Next, Plaintiff groups several claims together and asserts in a single paragraph that Defendant "failed to provide clear and conspicuous disclosures required to consumers in a credit transaction, as mandated by both federal and New Jersey law, such as the TILA [15 U.S.C.

---

[7] To be sure, the Court also notes that Plaintiff has not plead sufficient facts to adequately allege the second element of an NJCFRA claim, "ascertainable loss." *Smajlaj*, 782 F. Supp. 2d at 97. For example, Plaintiff did not indicate the difference between his rate and other commercially reasonable rates or raise any additional facts to show that the rate he received was not "commercially reasonable." (Compl. at 2.) On this issue, Plaintiff introduced new factual evidence of comparable commercially reasonable rates in a declaration as part of his opposition brief. (*See* Loigman Decl. 2, ECF No. 10-1.) The Court, however, generally may not "consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Carino v. Stefan*, 376 F.3d 156, 159 (3rd Cir. 2004) (holding that, when analyzing a motion to dismiss, courts are limited to the facts in the complaint, documents that are attached to the complaint, or documents that are incorporated by reference); *In re Shop-Vac Mktg. & Sales Practices Litig.*, No 12-2380, 2014 WL 3557189, at *11 (M.D. Pa. July 17, 2014) (noting that "[p]laintiffs cannot amend their complaint through a brief in opposition to a motion to dismiss."). As such, Plaintiff may not amend his Complaint through submissions accompanying his opposition brief. Because Plaintiff's claim is dismissed *without prejudice*, Plaintiff may amend his pleadings to cure any deficiencies set forth herein.

§§ 1601-67], the FCRA, [15 U.S.C. § 1681 *et seq.*], and the Plain Language Review Act [N.J.S.A. 56:12-1 to -13]." (Compl. at 3.)

For the same reasons discussed above, the Complaint does not allege with particularity how Defendant's conduct violates these Acts.[8] (Compl. at 3.) The Complaint does not separate Plaintiff's allegations under these three Acts individually or under separate Counts, and consequently, there is no way for the Court to assess and consider Plaintiff's claims under each Act. (*Id.*) For example, to state a claim under the TILA, a plaintiff is required to assert "with *requisite specificity* which charges[] and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 571 (D.N.J. 2010) (emphasis added); *see also Iqbal*, 129 S. Ct. at 1949 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Similarly, under the Plain Language Review Act, a plaintiff must *specify* the terms of the Act that was allegedly violated by a defendant in his pleadings. *Trexler v. Dodge City, Inc.*, No. 06-983, 2021 WL 754004, at *6 (D.N.J. Feb. 26, 2021) (dismissing a Plain Language Review Act claim under Rule 12(b)(6) without prejudice insofar that the plaintiffs did "not articulate what contract they believe violates the Plain Language Review Act . . . [or] what terms were not written in a simple, clear, and understandable manner").

In short, the single paragraph included in the Complaint, which outlines Plaintiff's claims under three distinct Acts, is insufficient to state a claim for relief as it merely constitutes a general

---

[8] Plaintiff introduces new information in his opposition brief to support his Plain Language Review Act claim. (Pl.'s Opp'n Br. 12-13.) This information was not provided in the pleadings. (*See generally* Compl.) As stated, *infra*, the Court will not "consider matters extraneous to the pleadings," such as documents that are not explicitly relied upon in the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *see also Oatway v. Am. Int'l Grp., Inc.*, 325 F.3d 184, 185 n.1 (3d Cir. 2003).

conclusory allegation devoid of any specificity. *Twombly*, 550 U.S. at 545. Accordingly, these claims are dismissed without prejudice.

IV. <u>**CONCLUSION**</u>

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
